**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000322
08-OCT-2014
08:08 AM**

NO. CAAP-12-0000322

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KYLE GORDON ROTHENBORG, Plaintiff-Appellee,
v.
JOSLYN SUAN ROTHENBORG, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-D NO. 02-1-3956)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

On appeal, Defendant-Appellant Joslyn Suan Rothenborg (Wife) challenges the following orders entered by the Family Court of the First Circuit[1] (family court): (1) "Order Granting [Plaintiff-Appellee Kyle Gordon Rothenborg's (Husband)] Motion for Attorney's Fees Per [Hawai'i Family Court Rules (HFCR)] Rule 68" filed on February 7, 2012 (Order Granting Attorney's Fees); (2) "Order Denying [Wife's] Motion for Reconsideration, or in the Alternative, for Relief From Judgment of Order Granting [Husband's] Motion for Attorney's Fees Per Rule 68 Filed February 16, 2012 and [Wife's] Motion for Stay of Proceedings to Enforce a Judgment Pending Motion for Reconsideration Filed February 23, 2012" filed on March 6, 2012 (Order Denying Reconsideration and Stay); and (3) "Order Denying [Wife's] Motion for Stay Pending Appeal" filed on March 28, 2012 (Order Denying Stay Pending Appeal).

---

[1] Except as otherwise noted, the Honorable Judge Bode A. Uale presided.

Wife argues that the family court abused its discretion when it (1) awarded Husband attorney's fees under HFCR Rule 68;[2] and (2) failed to indicate its reasons for granting attorney's fees.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we vacate the Order Granting Attorney's Fees to Husband. Because the other orders

---

[2] HFCR Rule 68 provides:

Rule 68. OFFER OF SETTLEMENT.

At any time more than 20 days before any contested hearing held pursuant to HRS sections 571-11 to 14 (excluding law violations, criminal matters, and child protection matters) is scheduled to begin, any party may serve upon the adverse party an offer to allow a judgment to be entered to the effect specified in the offer. Such offer may be made as to all or some of the issues, such as custody and visitation. Such offer shall not be filed with the court, unless it is accepted. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, any party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall treat those issues as uncontested. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible, except in a proceeding to determine costs and attorney's fees. If the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer, unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS section 580-47 or other applicable statutes, as amended.

(Emphasis added.)

[3] Wife's points of error in her opening brief fails to provide record cites to reflect where the alleged error occurred and where Wife brought the error to the family court's attention. See Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b). As the Hawai'i Supreme Court has noted, however, "noncompliance with Rule 28 does not always result in dismissal of the claims, and this court ... has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012) (citation and internal quotation marks and brackets omitted). Here, to the extent that we are able to discern with reasonable clarity the alleged error committed by the family court, we address Wife's arguments. However, Wife's counsel is cautioned that future non-compliance with HRAP Rule 28 could result in sanctions.

challenged on appeal relate to and flow from the initial order granting Husband attorney's fees, they are likewise vacated.

**I. Background**

On January 11, 2005, the family court entered a "Decree Granting Absolute Divorce and Awarding Child Custody" (Divorce Decree) that, inter alia, ordered Husband to pay Wife a portion of his retirement benefits and in turn, awarded Husband a percentage interest in Wife's American Airlines pension plan, granted that he prepare and file a Qualified Domestic Relations Order (QDRO).

On June 27, 2011, Husband filed a motion for post-decree relief requesting that the family court order Wife to sign a QDRO for the distribution of her pension. On July 27, 2011, Husband made a purported HFCR Rule 68 offer of settlement to Wife, demanding that she sign a QDRO rather than wait until the court ordered her to do so. Wife rejected Husband's offer. After a hearing on August 31, 2011,[4] the family court issued an order on November 30, 2011 granting Husband's motion and requiring Wife to sign a QDRO "once it is qualified by the administrator."

Husband subsequently filed a motion for attorney's fees pursuant to HFCR Rule 68, which the court granted on February 7, 2012, ordering Wife to pay $2,106 to Husband's counsel. On March 6, 2012, the family court denied Wife's motion for reconsideration and her motion for stay pending reconsideration. On March 28, 2012, the family court denied Wife's motion for stay pending appeal. After Wife filed her notice of appeal, the family court filed its Findings of Fact and Conclusions of Law (Findings and Conclusions) with respect to its Order Granting Attorney's Fees, Order Denying Reconsideration and Stay, and Order Denying Stay Pending Appeal.

---

[4] The Honorable Judge Paul T. Murakami presided.

3

## II. Order Granting Attorney's Fees

Generally, we review a family court's award of attorney's fees for abuse of discretion. Doe v. Doe, 118 Hawaiʻi 268, 278, 188 P.3d 782, 792 (App. 2008). "[T]he family court's decision will not be disturbed unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason." In re Doe, 77 Hawaiʻi 109, 115, 883 P.2d 30, 36 (1994) (citations, internal quotation marks, brackets, and ellipsis omitted). In our view, the requirements of HFCR Rule 68 have not been met and thus it was an abuse of discretion to award Husband attorney's fees pursuant to that rule.

In order for attorney's fees to be awarded under HFCR Rule 68, certain requirements must be met.

> First, the offer of settlement must be made at any time more than twenty days before a contested matrimonial trial or a contested hearing for an order is scheduled to begin. Second, the offeror must serve upon the adverse party an offer to allow a decree or order to be entered to the effect specified in the offer. Third, the decree or order finally obtained by the offeree must be patently not more favorable as a whole than the offer. Finally, if all the preceding requirements of HFCR Rule 68 have been met, the court shall make an award of reasonable attorney's fees and costs to the offeror unless it specifically determines that such an award would be inequitable, considering the provisions of HRS § 580-47, as amended.

Criss v. Kunisada, 89 Hawaiʻi 17, 23, 968 P.2d 184, 190 (App. 1998) (emphasis added).

### A. The family court erred in determining that Husband's offer was sufficient for HFCR Rule 68 purposes

Husband's July 27, 2011 settlement offer letter failed to describe a clear offer such "that a decree or order in the words of the offer will fully and completely decide the claim or claims towards which the offer is directed." Owens v. Owens, 104 Hawaiʻi 292, 308, 88 P.3d 664, 680 (App. 2004) (citations and internal quotation marks omitted). Husband's July 27, 2011 settlement offer letter stated, in relevant part:

4

> [Husband] will not be seeking any of his Attorney's Fees whatsoever from you _if you simply sign the proposed (pre-qualified by American Airlines) QDRO as required by your Divorce Decree_. This is a complete settlement of the post-divorce Motion currently scheduled for hearing on August 17th at 8:30.
>
> If you think the Family Court will not order that you must sign the QDRO after trial on the issue, and indeed the Court orders the QDRO to be entered, the implications of Rule 68 are that YOU will be ordered to pay for all of my legal fees, as well as for the fees of any attorney you may choose to hire to represent yourself in your continued refusal to sign the required QDRO.

(emphasis added). This offer is insufficient for several reasons.

First, the letter itself did not have any QDRO attached for Wife to sign. Previous correspondence between counsel over the course of several months indicates that the parties exchanged draft QDROs, but Husband's offer does not establish which, if any, QDRO Wife should have signed to accept Husband's offer.

Second, the record reflects that when Husband sent his offer to Wife, any proposed QDRO then in existence had not been pre-qualified by American Airlines, contrary to the indication in Husband's offer letter. Thus, no decree or order could be entered to the effect specified in the offer, as required by HFCR Rule 68. We note that the Divorce Decree indicates that it was Husband's burden to take necessary actions to be paid under Wife's retirement plan. It provides in relevant part:

> Both parties acknowledge that they fully understand that in order for [Husband] to actually obtain said share of the [Wife's] retirement, [Husband] has to take proactive actions in order to be paid, to include without limitation, preparing and filing a [QDRO]. [Husband] shall be solely responsible for the preparation and costs of the [QDRO].

On April 11, 2011, prior to Husband's July 27, 2011 settlement offer letter, QDRO Consultants Company LLC, on behalf of American Airlines, advised Husband that his proposed draft would not qualify as a QDRO under applicable federal law:

> We have completed our review of the draft domestic relations order that was submitted in the subject case, pertaining to _Retirement Benefit Plan of American Airlines, Inc. for Flight Attendants_, and have determined that it would not qualify as QDRO under applicable federal law. As a result, the amounts set forth under the order would not become

5

> payable to the alternate payee until an amended order is received and approved by the plan administrator.
>
> The areas of deficiency that require amendment or clarification are numerous. Enclosed is model QDRO language that you may use for this plan. While the use of this model language will expedite the approval process, you may find it necessary to modify this language in order to conform with the intent of the parties and to the applicable provisions of the divorce decree, to the extent that the model does not otherwise conform.

At the August 31, 2011 hearing, Husband's counsel represented to the family court that the QDRO had been pre-qualified when it apparently had not. After the family court ordered Wife to sign a QDRO, Wife requested clarification from QDRO Consultants Company, LLC and discovered that Husband's QDRO had not yet been pre-approved. Thus, no decree or order could be entered to the effect specified in the offer because there was no pre-qualified QDRO at the time of Husband's July 27, 2011 settlement offer letter. The family court's Findings and Conclusions do not address this issue other than to note that Wife raised the argument in opposing Husband's motion for attorney's fees.

B. **The family court erred by concluding that the order finally obtained was not patently more favorable than Husband's offer**

HFCR Rule 68 "permits the court to award attorney's fees and costs to the offeror of a Rule 68 offer that is more favorable than the terms of the ultimate decree or order." Nakasone v. Nakasone, 102 Hawai'i 177, 178, 73 P.3d 715, 716 (2003).

Husband's July 27, 2011 offer stated: "[Husband] will not be seeking any of his Attorney's Fees whatsoever from you if you simply sign the proposed (pre-qualified by American Airlines) QDRO as required by your Divorce Decree." The November 30, 2011 Order provided: "[Wife] should sign the DRO concerning her American Airlines' pension fund *once it is qualified by the administrator.*" (Emphasis added.) Because the Order explicitly required the QDRO to be qualified by the administrator before Wife must sign, this was more favorable to Wife. Husband had not

previously obtained said approval of his proposed QDRO and thus the family court's order provided clarity as to what Wife was required to sign. In granting Husband attorney's fees, it appears that the family court focused on Wife's opposition to Husband's post-decree motion in which she asserted that she should not have to sign any QDRO. Nonetheless, for purposes of analyzing fees under HFCR Rule 68, the offer from Husband demanded that Wife sign an unspecified QDRO that he indicated was pre-qualified when it was not. We conclude that the family court erred in entering COL No. 20, that the "Order Granting [Husband's] Motion for Post-Decree Relief (filed November 30, 2011) is patently not more favorable than the offer made by [Husband]."

Further, because Husband's offer did not indicate the form of QDRO Wife should sign, there is nothing to indicate that the form ultimately approved by the administrator (as contemplated by the family court's November 30, 2011 order) and signed by Wife is less favorable to Wife. Indeed, even the parties' efforts to resolve the final form of the QDRO after the family court's November 30, 2011 order demonstrate that Wife's proposed form of the QDRO, as opposed to Husband's, was ultimately approved and signed by the family court.

We thus conclude that the family court abused its discretion by awarding Husband attorney's fees pursuant to HFCR Rule 68. Given that the award of fees must be vacated, the subsequent orders addressing Wife's motion for reconsideration and motions for stay must also be vacated. We need not reach Wife's other point of error.

III. Conclusion

Based on the foregoing, the (1) "Order Granting Motion for Attorney's Fees Per Rule 68" filed on February 7, 2012; (2) "Order Denying Defendant's Motion for Reconsideration, or in the Alternative, for Relief From Judgment of Order Granting Plaintiff Kyle Gordon Rothenborg's Motion for Attorney's Fees Per Rule 68 Filed February 16, 2012 and Defendant's Motion for Stay of

7

Proceedings to Enforce a Judgment Pending Motion for Reconsideration Filed February 23, 2012" filed on March 6, 2012; and (3) "Order Denying Motion for Stay Pending Appeal" filed on March 28, 2012  entered by the Family Court of the First Circuit are vacated.

DATED:  Honolulu, Hawai'i, October 8, 2014.

On the briefs:

Dennis E. W. O'Connor, Jr.
Lahela H. F. Hite
(O'Connor Playdon & Guben, LLP)
for Defendant-Appellant

Michael A. Glenn
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

8